**UNITED STATES of America,**
**Appellee,**

v.

**Mario TORO, Defendant–Appellant.**

No. 04–1372.

United States Court of Appeals,
Second Circuit.

March 2, 2005.

Darrell B. Fields, Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Marcus A. Asner, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: NEWMAN, LEVAL and CABRANES, Circuit Judges.

### SUMMARY ORDER

Following a guilty plea, defendant Mario Toro was convicted of knowingly and intentionally conspiring to distribute five kilograms or more of substances containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A), and was sentenced principally to a term of imprisonment of 168 months. Defendant alleges that the District Court violated his Sixth Amendment rights when it enhanced his sentencing range based on facts not found by a jury nor admitted by him.

Defendant claims in his *pro se* brief that the District Court erred by refusing (1) to reduce his offense level for acceptance of responsibility; (2) to reduce his offense level for his asserted minor role in the offense; (3) to depart downward on aberrant behavior grounds. We have considered these claims and found them to be without merit. That said, we are mindful that under the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sentencing Guidelines are advisory and non-binding.

In light of the *Booker* decision, and this Court's decision in *United States v. Crosby,* No. 03–1675, 397 F.3d 103, 2005 U.S.App. LEXIS 1699, 2005 WL 240916 (2d Cir. Feb.2, 2005), this case is remanded so that the District Court may consider whether to re-sentence defendant, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion.

Defendant also raises an ineffective assistance of counsel claim, based on counsel's failure to move for a reduction in the sentence on various grounds. In light of our remand, we need not address this claim at this time.

Any appeal taken from the District Court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

The mandate shall issue forthwith.